IN THE UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

MICHAEL CROCKETT, RAY THOMAS,
TIMOTHY RISPER; and RODNEY McCUISTON          PLAINTIFFS

v.                    No. 3:04-CV-00067-WRW

DOYLE HILLIS, individually and in his official capacity as
POINSETT COUNTY JUDGE                          DEFENDANT

## ORDER

Pending is Defendant's Motion for Summary Judgment (Doc. No. 12). Plaintiffs have responded (Doc. No. 17). For the reasons stated below, the Motion for Summary Judgment is DENIED.

## I.     SUMMARY JUDGMENT STANDARD

Summary judgment is warranted only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[1] The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[2]

---

[1] *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed R. Civ. P. 56.

[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

1

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should only be granted when the movant has established a right to the judgment beyond controversy.[3] Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[4] I must view the facts in the light most favorable to the party opposing the motion.[5] The Eight Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*, "[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.[6]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[7]

## II. BACKGROUND

Plaintiffs Michael Crockett, Ray Thomas, Timothy Risper, and Rodney McCuiston (collectively, "Plaintiffs") filed suit against Defendant Doyle Hillis ("Defendant" or "Hillis"),

---

[3] *Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[4] *Id.* at 728.

[5] *Id.* at 727-28.

[6] *Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[7] *Anderson*, 477 U.S. at 248.

alleging racial discrimination in violation of Title VII, 42 U.S.C. § 2000(e)-2; 42 U.S.C. §§ 1981 and 1983; and the Arkansas Civil Rights Act of 1993 ("ACRA").

Hillis, a Caucasian male, took office as Poinsett County Judge on January 1, 2003. On January 2, 2003, Hillis indicated that all employees of the Poinsett County Road Department ("PCRD") were now "general labor," and that all PCRD employees were required to have a Commercial Driving License ("CDL"). At the time, there were twenty-four (24) individuals employed by the PCRD, five of whom were African-American.

Plaintiffs are four of the five African-Americans who were employed by the PCRD at the time Hillis took office, but none are employed by the PCRD now. Crockett was hired on May 28, 1991, and terminated on May 5, 2003 for apparently not having a valid CDL. Thomas, Risper, and McCuiston were all laid off on March 7, 2003. Hillis asserts that Thomas, Risper, and McCuiston were the three least senior employees; and that seniority was the sole reason for their termination.

It is undisputed that in the first year of Hillis's administration, a total of fifteen (15) employees were either terminated; retired; or voluntarily resigned -- ten (10) Caucasians and all five (5) African-Americans, including Plaintiffs. Of the ten (10) Caucasian employees, seven either voluntarily resigned or were terminated. All five (5) African-American employees were involuntarily terminated within the first five (5) months of Hillis's administration.

## III.    DISCUSSION

Plaintiffs assert that Defendant's treatment of them constituted racial discrimination, violating Title VII, 42 U.S.C. §§ 1981 and 1983, and the ACRA. Because Plaintiffs' claims are based on indirect, or inferential evidence, their claims must be analyzed under the burden-shifting

3

framework of *McDonnell Douglas Corp. v. Green*.[8] Under the *McDonnell Douglas* analysis, the plaintiff must first establish a *prima facie* case of discrimination. Once the plaintiff meets this initial threshold, a presumption that the employer "unlawfully discriminated against the employee" arises.[9] The burden of production then shifts to the employer, who must articulate some legitimate, nondiscriminatory reason for the employment decision.[10]

The Supreme Court has held that the determination that a defendant has met its burden of production cannot be accomplished by assessing the credibility of the reason given by the defendant for its decision;[11] therefore, once the defendant articulates a "legitimate, nondiscriminatory reason for its decision," the presumption raised by the *prima facie* case of discrimination is rebutted and "drops from the case."[12] At all times in this analysis, however, the ultimate burden of production remains with the plaintiff,[13] and once the defendant has met its burden to produce a legitimate reason for its decision, the plaintiff must have "a fair opportunity to show that [the employer's] stated reasons for [the employment decision was] in fact pretext,"[14] or that the proffered reasons for the employer's action was not true.[15]

---

[8] 411 U.S. 792 (1973).

[9] *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993).

[10] *McDonnell Douglas*, 411 U.S. at 802.

[11] *Hicks*, 509 U.S. at 509.

[12] *Id.* at 507.

[13] *Id.*

[14] *McDonnell Douglas*, 411 U.S. at 804.

[15] *Hicks*, 509 U.S. at 508; *see also Ledergerber v. Stangler*, 122 F.3d 1142, 1144 (8th Cir. 1997).

In order to establish a *prima facie* case in Plaintiff's case, he must prove (1) that he is a member of a protected class; (2) that he was meeting the employer's legitimate job expectations; (3) that he suffered an adverse employment action; and (4) that similarly situated employees outside the protected class were treated differently.[16]

There is no question that Plaintiffs have met the first and third parts of their *prima facie* case. Plaintiffs are African-Americans and they were terminated. As to the second part of the *prima facie* case, while Plaintiffs do not appear to have offered any direct proof that they were doing their jobs satisfactorily, Defendant has not offered anything that would call this into question. Defendant has provided his reasons for why Plaintiffs' were terminated. Crockett did not have a CDL; and Thomas, Risper, and McCuiston were the three least senior employees. Defendant has not asserted that Plaintiffs were terminated for failing to fulfill their job expectations. Looking at the facts in their entirety, Plaintiffs appear to have been meeting their legitimate job expectations.

As to the fourth part of the *prima facie* case, there are instances where this is not necessary. In *Young v. Warner-Jenkinson Co.*,[17] the Eighth Circuit held that the plaintiff was not bound to produce evidence that a non-protected employee was treated differently if there was sufficient evidence that the employer's reason for terminating the plaintiff was pretextual.[18]

---

[16]*Tolen v. Ashcroft*, 377 F.3d 879, 882 (8th Cir. 2004).

[17] 152 F.3d 1018 (8t Cir. 1998) (*en banc*).

[18] *Id.* at 1022. While *Young* was involved a case brought under the Americans with Disabilities Act, the Eighth Circuit applied the traditional *McDonell Douglas* burden-shifting framework.

Here, looking at the facts as a whole, Plaintiffs have offered sufficient proof to create questions of material fact as to the legitimacy of Defendant's reasons for terminating their employment. For example, Defendant states that he terminated Crockett for not having a CDL. However, Plaintiffs have asserted that Defendant failed to terminate the employment of two Caucasian employees who were also without CDLs.

Defendant also states that he terminated Thomas, Risper, and McCuiston for lack of seniority as a cost-cutting measure. However, Plaintiffs have asserted that there were three Caucasians with less seniority than Plaintiffs, but those Caucasian employees were not laid-off. Furthermore, in the aftermath of the layoffs, it appears that fifteen (15) more Caucasians were hired; neither Thomas, Risper, nor McCuiston were rehired. At present, there are no African-American employees in the PCRD.

To sum up, Hillis has failed to show that there are no genuine issues of material fact as to whether the reasons he has offered were not a pretext for racial discrimination. Hillis is not entitled to summary judgment.

## CONCLUSION

Based on the findings of fact and conclusions of law in this order, Defendant's Motion for Summary Judgment is DENIED.

IT IS SO ORDERED this 12th day of July, 2005.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE